## G. N. HORN v. S. MILLER ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 11, 1891—Decided May 25, 1891.

1. When the terms of compromise of a suit are put in writing, executed by the parties, acknowledged and entered of record, it is not error, after nearly forty years have elapsed, to refuse parol evidence that the agreement was executed on the faith of a condition not contained in the writing and afterwards left unperformed.

2. From the use of a water-right, though peaceable, undisputed, visible, open, notorious and continuous for more than twenty-one years, a grant, to give title against the terms of a written agreement, will not be presumed, unless such use was inconsistent with the right of the other party under such agreement,—a question of fact for the jury.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 74 January Term 1891, Sup. Ct.; court below, No. 395 September Term 1887, C. P.

On September 12, 1887, G. Newton Horn brought trespass against Samuel Miller and others, for an alleged wrongful diversion of water from the plaintiff's mill. The defendants pleaded not guilty, and afterwards added a plea averring adverse user.

At the trial, on November 29, 1888, a case was presented sufficiently appearing in the statement of facts of Horn v. Miller, 136 Pa. 640, an appeal taken by the plaintiff.

In the plaintiff's case in chief, Levi Rizer was called, and plaintiff proposed to show declarations of defendant Miller to

witness with reference to the plaintiff's water rights, made about the time plaintiff was building his mill, but not in plaintiff's presence, nor communicated to him.

Objected to.

By the court: Offer admitted; exception.[3]

The assignment of error did not show the testimony of the witness admitted under this offer.

In the defendants' case in chief, George Elder was called as the first witness, and testified that he was eighty-three years of age, and was one of the arbitrators in the suit between Cade and Miller in 1852:

Mr. Hall, Jr.: We propose to prove by the witness on the stand, and others, the terms of the compromise of that suit between Enoch Cade and John Miller, the circumstances leading to that compromise, and that it was compromised on condition that Mr. Cade was to erect a mill forthwith.

Mr. Reynolds: This is objected to for the reasons:

1. That it is inadmissible under the plea of "not guilty," which is the only plea filed by the defendants in this case.

2. That proof to alter or vary the terms of this contract is inadmissible, after the lapse of so great a time, it appearing in evidence already that this paper was executed in 1852.

3. That the evidence offered is proposed to alter and vary the terms of a written contract, to introduce into it conditions in conflict with the contract as offered in evidence; that no sufficient ground has yet been laid to authorize the admission of evidence for that purpose.

4. That this paper has been a matter of record for upwards of thirty-six years, has stood in the line of the title of the plaintiff and of the defendants and of those under whom they claim; that during all that time the record has not been questioned by the defendants in this case or those under whom they claim; and the plaintiff has a right to rely on this evidence of title in the line of his own title, and, having purchased with a knowledge of its existence, he cannot be affected at this late date by the verbal agreement proposed to be proved, even if it did occur.

By the court: Though the suit was brought since the new procedure act, the narr was filed in conformity with previous laws, and the plea of not guilty was filed before our new rules

of court were adopted. In the furtherance of justice, then, we should deem the pleadings in this case as if the act of 1887 and new rules did not exist, and regard the plea as it would have been regarded, before such act of assembly and rules of court, in an action on the case. We, therefore, admit whatever would heretofore have been competent.

The offer of defendant would not, as we view it, have been evidence under any plea, except so far as to give evidence of facts explanatory of a latent ambiguity; that is, evidence to show what kind and make of wheels were intended or meant by the parties; this with a view of a measurement of the quantity of water required to run two wheels; exception.[1]

Mr. Hall: The agreement between John Miller and Enoch Cade, entered into in 1852, in regard to the erection of a mill and the division of the water, offered by plaintiff under objection and exception, is without consideration, except the mutual covenant therein contained for the erection of a mill and a flood-gate. The defendants offer to show, now, by the witness on the stand and other witnesses to be called, that the real consideration of that agreement was that Enoch Cade was to erect a grist-mill on his land, which was near to the land of John Miller, and would have been a benefit to John Miller, and that the settlement and agreement of 1852 was on that understanding and condition; that it was a condition of the settlement that Cade was to erect a mill, spoken of and understood before the settlement, and at the time of the settlement was agreed to and at the time of the settlement was reduced to writing.

This is offered, not as a contradiction of the paper, but as explaining its consideration, and to show what was the moving cause to that agreement. Also, to show that no mill was erected by said Cade or any one else; that no flood-gate was put in; that nothing was done under that agreement; and that the condition of affairs remained precisely the same from 1852 to 1882, during all which period of time John Miller and Samuel Miller, his son, to the present day continued to use the water as theretofore; that it was used without let or hindrance until the same was interfered with by the present plaintiff.

Mr. Reynolds: I renew the objections stated last night to the offer when the same witness was on the stand, Mr. George

Elder, that his testimony is both irrelevant and inadmissible; and for a further reason, it appearing by the record in the suit between Cade and Miller that the counsel making this offer was counsel for Cade, the party for whose interest it was procured.

Mr. Hall: I add: That John Miller refused to sign the agreement until it was expressly agreed and understood that the mill was to be erected forthwith by Cade; that this · solicitation was made by Cade and by his counsel and by the neighbors and by the arbitrators; that it was with great difficulty that Miller was induced to sign the agreement; and that he signed the same on the understanding that the mill was to be erected forthwith; then, on the ground that it would be fraud to enforce the paper without a compliance with the condition on the part of Cade; this offer is made on the ground of fraud.

By the court: We shall have to rule this out, except so far as the offer proves adverse use; exception.[2]

At the close of the testimony, the court, BAER, P. J., reserving certain questions of law, sufficiently appearing in Horn v. Miller, 136 Pa. 644, charged the jury in part as follows:

[It is your duty to find damages against the defendants, unless they satisfied you that they diverted the water with plaintiff's consent or permission; or that they have by the evidence satisfied you that they had a right to do so by having used the water in the same way for a period of twenty-one years before the suit was brought, and thereby acquired a superior right by adverse user inconsistent with the plaintiff's right under the contract.

To establish such adverse user the defendants, and those under whom they hold, must satisfy you by a preponderance of evidence that they held, used and enjoyed the water and the right and privilege of its use by means of the dam through the diverting channel, in the same manner and to the same extent, openly, visibly, notoriously, continuously, hostilely and adversely, under claim of right, for a period of twenty-one years before suit brought. And if this is shown, a grant might be presumed, and the superior right would be in the defendants. The user must be a peaceable user. Such, under the evidence, it was up to the time when Horn had built his mill

and began to undo what the defendants had done, to get his
supply of water. This you will find was shortly before 1884.
But this need not trouble you, for from 1836 up to that time
the defendants were in the uninterrupted use of the water,
and that is much more than twenty-one years.

The undisputed evidence, if believed, shows that the defend-
ants, and those under whom they claim, had peaceable, un-
disputed, visible, open, notorious and continuous user of the
water, in the same way, for more than twenty-one years. But,
before a jury can presume a grant of a water-course, they must
find that the user was adverse. Though there be no express
evidence of a claim of right to so use it, yet from such use
being continued, open, visible, uninterrupted and notorious, it
might be presumed by the jury to be adverse, if it was not in-
terrupted or opposed during the running of twenty-one years,
or if the use was not inconsistent with the right which Cade
and those holding under him had of using the water for a
power to the extent of two wheels. If it was used inconsis-
tently with the right which Cade, and those holding under
him down to Horn, had as to the use of the water to the extent
of two wheels as a superior or first right, by virtue of the con-
tract of July 8, 1852, then it was adverse. If the use was
consistent with the right of Cade or Horn, it was not adverse.
To find whether it was by defendants' use inconsistent with
the rightful use of the plaintiff Horn and those under whom
he claims, is a question of fact for the jury; and it is the fact
in this case.

This inquiry necessarily leads you to inquire, how was Mil-
ler to use the water? or, how could he use it without con-
flicting with the plaintiff's right under the agreement?

The agreement of July 8, 1852, must be your guide. It
specifies on the face of it that a suit was then pending, in
which Cade alleges a diversion of the water. The settlement
of that suit gave Cade the superior right and defined how
Miller could in the future use the water. The evidence which
you heard fully described the character of the stone dam then
across the main channel, and the character and size of the
diverting channel or race, and especially its character and size
and depth at the point where the stream divided. Now, if the
condition that the dam and head-race were then in gave Miller

Charge of Court below.

no more water in dry times than by the agreement he was entitled to, and if the defendants, prior to the time when the defendants and Horn began to dispute, had not enlarged the dam nor increased the depth of the race or enlarged its volume, and if at the time Horn complains of, or any time from 1884 to the bringing of this suit, the jury find it still to have been in the same condition as to its power of diverting the water, then the user of the diverted water was not an adverse user inconsistent with the rights of Horn and those under whom he holds. On such use by them, no cause of action could arise in favor of Horn.

If. at the date of the settlement of the suit and making of the agreement, the dam and head-race caused more water to be diverted in dry times than Miller was entitled to, that is, so diverted it as not to leave enough to flow in the channel to supply two wheels, if they had been in place on the Cade land, or if at any time after the settlement, the defendants, or those under whom they claim and Samuel Miller holds, enlarged the dam and race, or in any way diverted more water from the main stream than he was entitled to under the contract, and hindered in any way water enough to run two wheels from flowing down the main channel for the use of the plaintiff and those under whom he claims, if he or they saw fit to use it, whether in fact they were ready to use it or not, this would be a user on the part of the defendants inconsistent with the right of the plaintiff, and those under whom he claims, inasmuch as it would be a diverting of water that under the contract should have flowed down the main channel in sufficient volume to run two wheels; and if such user was continuous, uninterrupted, visible, open, notorious, hostile and adverse, for a period of twenty-one years before Horn asserted his rights, a grant would be presumed, and the verdict in such event should be for the defendants.] [9]

—The jury returned a verdict for the plaintiff for $52.

A motion for judgment for the defendants, and a rule for a new trial having been argued, the court, BAER, P. J., discharged the rule for a new trial and entered judgment for the defendants, non obstante veredicto. Thereupon the plaintiff took an appeal to No. 152 July Term 1889, Sup. Ct., and on October 6, 1890, the judgment was reversed, and judgment

entered on the verdict, in favor of the plaintiff, for $52 : Horn v. Miller, 136 Pa. 640.

The record having been remitted, the defendants took the present appeal, assigning for error, inter alia :

1, 2. The refusal of the defendants' offers.[1] [2]

3. The admission of the plaintiff's offer.[3]

9. The portion of the charge embraced in [ ] [9]

*Mr. W. M. Hall, Jr.,* ( with him *Mr. Wm. M. Hall* ), for the appellants.

Upon the first and second assignments, counsel cited : Graver v. Scott, 80 Pa. 94 ; Powelton Coal Co. v. McShain, 75 Pa. 238 ; Butz v. Ihrie, 1 R. 218 ; Lewis v. Carstairs, 6 Wh. 193 ; Washb. on Easements, 2d ed., 631.   Upon the ninth assignment : Olwine v. Holman, 23 Pa. 284 ; Buckholder v. Sigler, 7 W. & S. 154 ; Union Canal Co. v. Young, 1 Wh. 427 ; Neel v. McElhenny, 69 Pa. 304 ; Washb. on Easements, 2d ed., 129 ; Butz v. Ihrie, 1 R. 218 ; Nitzell v. Paschall, 3 R. 82 ; Erb v. Brown, 69 Pa. 219 ; Yeakle v. Nace, 2 Wh. 123.

*Mr. J. M. Reynolds* (with him *Mr. E. F. Kerr* and *Mr. R. C. McNamara*), for the appellee.

Counsel cited : (1, 2) Kribbs v. Downing, 25 Pa. 404 ; Pryor v. Wood, 31 Pa. 142 ; Geiger v. Miller, 24 Pa. 109 ; Strimpfler v. Roberts, 18 Pa. 283 ; McBarron v. Glass, 30 Pa. 133.   (9) Washb. on Easements, 3d ed., 670 ; Lindeman v. Lindsey, 69 Pa. 93 ; Bombaugh v. Miller, 82 Pa. 203 ; Demuth v. Amweg, 90 Pa. 181.

PER CURIAM :

We are of opinion that the court below properly rejected the offer of evidence embraced in the first assignment.   The offer was to prove by the witness on the stand, and others, the terms of the compromise of the suit between Enoch Cade and John Miller, the circumstances leading to that compromise, and that it was compromised on condition that Mr. Cade was to erect a mill forthwith.   The compromise referred to was a settlement of the suit of Cade v. Miller.   It was an agreement in writing, carefully prepared, submitted to and approved by the counsel in that case, acknowledged before a justice of the peace, and

recorded July 9, 1852. It needs no argument to show that it would have been grave error for the court below to have permitted witnesses, after the lapse of nearly forty years, to give their imperfect recollection of what led up to that settlement, and to add to its conditions. If such evidence were admissible, nothing in this world could be considered as settled, excepting that the law upon this point is unsettled.

The third assignment does not conform to the rules of court.

The remaining assignments allege error in the charge of the court, and in the answers to points. We need not discuss them in detail. The learned judge below fairly submitted to the jury the question whether the defendants' admitted use of the water for more than twenty-one years was adverse. Such use was conceded to have been peaceable, undisputed, visible, open, notorious, and continuous. "If," as the jury were instructed, "it was used inconsistently with the right which Cade, and those holding under him down to Horn, had as to the use of the water to the extent of two wheels as a superior or first right, by virtue of the contract of July 8, 1852, then it was adverse. If the use was consistent with the right of Cade or Horn, it was not adverse. To find whether it was by defendants' use inconsistent with the rightful use of the plaintiff, Horn, and those under whom he claims, is a question of fact for the jury; and it is the fact in this case." The learned judge then proceeded further to instruct the jury that, in ascertaining how Miller was to use the water, they must be guided by the agreement of July 8, 1852. In this we see no error. That was a settlement of a suit then pending, in which Cade alleged a diversion of the water. That settlement gave Cade the superior right, and defined how Miller could use the water in the future.

Judgment affirmed.