### Thomas Pressed Brick Co. v. Catherine A. Fowler.

1. CHANGE OF VENUE—*Province of the Court to Determine What is a
Reasonable Notice to be Given.*—On an application for a change of venue
it is within the province of the court to determine that one day is not
reasonable notice for the application.

2. SETTLEMENT—*Memoranda of, Open to Explanation.*—A written
memorandum of a settlement, like an ordinary receipt, is open to ex-
planation as to what transactions were in fact covered by its general
terms.

Thomas Pressed Brick Co. v. Fowler.

Assumpsit, on coupons.   Appeal from the Circuit Court of Calhoun County; the Hon. ROBERT B. SHIRLEY, Judge, presiding.   Heard in this court at the May term, 1901.   Affirmed.   Opinion filed September 11, 1901.

WILLIAM FAIRLEE, attorney for appellant.

FRANK A. WHITESIDE, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

July 9, 1900, appellee sued appellant before a justice of the peace in Calhoun county, to recover the amount due upon nine coupons numbered from 5 to 13 inclusive, number 5 being as follows:

" $15.00.

The Thomas Pressed Brick Company will pay to bearer, at its agency, the Central National Bank, in the city of Norwalk, Connecticut, fifteen dollars, in lawful money of the United States, on the first day of June, 1896, being six months' interest on bond No. 41.

W. G. THOMAS, JR.,
Treasurer."

And each of the others just like it, except that number 6 became due December 1, 1896; number 7, June 1, 1897; number 8, December 1, 1897; number 9, June 1, 1898; number 10, December 1, 1898; number 11, June 1, 1899; number 12, December 1, 1899, and number 13, June 1, 1900.

Appellee recovered a judgment before the justice and appellant appealed therefrom to the Circuit Court where the case was tried by jury and resulted in a verdict and judgment in favor of appellee for $137.10, to reverse which appellant prosecutes an appeal to this court.

The grounds upon which such reversal is urged are that the Circuit Court improperly denied appellant's application for a change of venue; admitted improper and excluded proper evidence; refused proper and gave improper instructions; and that the verdict and judgment are contrary to the evidence.

The record discloses that this case was reached in the ordinary call of the docket on October 9, 1900, being the

second day of the term, and after it was called for trial, appellant applied for a change of venue, alleging that the inhabitants of the county were so prejudiced against it that it feared it would be unable to obtain a fair trial in the county on that account; that knowledge of such prejudice came to them within two days before, and that on the day before, it had given notice to the attorney for appellee that it would apply to the court next morning for a change of venue upon that ground.

The allegations of the petition for change of venue were verified by the secretary and treasurer of appellant, and the allegation that the inhabitants of the county were so prejudiced was supported by the affidavit of two residents of the county. The court denied the application and we do not feel warranted in reversing the judgment on that account because it was within the province of the Circuit Court to determine that one day was not reasonable notice for an application of that nature. Kelly v. Downs, 29 Ill. 74; and Hudson v. Hanson, 75 Ill. 198.

The defense interposed by appellant in the Circuit Court and relied upon in this court, is that the money due upon the coupons sued upon, was included in a settlement made March 23, 1900, which was reduced to writing and is as follows:

" This agreement between the parties hereto, made and executed in consideration of a settlement of all book accounts, claims and demands whatsoever, and matters of difference between said parties, witnesseth: that The Thomas Pressed Brick Company, a corporation organized and existing under and by virtue of the laws of the State of New Jersey, and doing business in the county of Calhoun, State of Illinois, hereby releases, relinquishes and discharges one Jeremiah Fowler, and his wife, Catherine Fowler, of said county of Calhoun, State of Illinois, of any and all claims, debts, dues and demands of every nature whatsoever, and hereby acknowledge full settlement in payment of the same, including a certain bond of indemnity or demand executed by the said Jeremiah Fowler and eight (8) others, then constituting the board of directors of the said Thomas Pressed Brick Company, to Wm. G. Thomas, now

deceased, in the sum of $15,000, and of which sum the said Jeremiah Fowler, it is claimed, is liable for one-ninth part thereof, amounting to about $1,666.67, and also a balance on book account claimed to be due from said Fowler to said company January 1, 1897, of $438.20, with any and all interest claimed thereon, and also for any and all damages claimed by said company against said Fowler on account of any alleged mismanagement or misconduct, or from any other cause, while acting as superintendent of said company, and for any and all other debts, demands, claims and dues whatsoever, and including also any and all claims which Charles E. McEwing or the said William G. Thomas claim to have or hold, of whatever description, against the said Jeremiah Fowler or the said Catherine Fowler; and in consideration of said settlement between the parties hereto, said Jeremiah Fowler hereby releases, relinquishes and acknowledges settlement in payment of same of all claims, debts, demands and dues, and for any and all damages now claimed, or heretofore claimed by him, from any cause, against said company, or the estate of Wm. G. Thomas, or of any other of the parties hereto; and he, the said Fowler, hereby agrees to surrender and deliver up to the treasurer and secretary of said Thomas Pressed Brick Company twenty (20) shares of stock now held by him in said company within ten (10) days from this date, and if the same is not so delivered, as herein agreed, the secretary of said company is hereby authorized to cancel same; and the said Catherine Fowler, wife of the said Jeremiah Fowler, also in consideration of said settlement, hereby releases, relinquishes and discharges to the said Thomas Pressed Brick Company, and to the said William G. Thomas, and all claims and demands which she now has, or heretofore claimed to have had, against any of the parties hereto for damages to any lands or the orchards on said lands, or to both, and any and all claims and demands whatsoever, including demand for extra service, meals, board alleged to have been furnished and rendered to said company, it being the intention of the parties to these instruments that a full and complete settlement of all matters aforesaid have this day been made by the parties hereto. It is further understood between all the parties hereto that this settlement in no way prejudices the rights of The Thomas Pressed Brick Company, or their assigns, that they now hold or have acquired under any instruments or deeds that may have been heretofore executed, now of record.

This instrument signed in duplicate.  Dated this 23d day of March, 1900, at the city of St. Louis, Missouri.

{ SEAL. THE THOMAS PRESSED BRICK CO. }   THE THOMAS PRESSED BRICK CO.,
        By W. G. Thomas, Sec'y and Treas.
ESTATE OF WM. G. THOMAS, Dec'd,
        By W. G. Thomas, Executor.
W. G. THOMAS,
CHAS. E. McEWING,
JEREMIAH FOWLER,
CATHERINE FOWLER,
By T. J. Selby, their agent and att'y.
Witness for all parties:

B. L. D. MERNAGH."

In support of this defense the court permitted appellant to introduce the writing in evidence and in addition to that, allowed Mr. Thomas and Mr. McEwing both to testify that as officers of appellant they made such settlement, in its behalf, with Mr. Selby representing appellee, and to give their version of whether or not the money due upon coupons was included in the settlement.  Both of them testified that it was, but upon cross-examination, Mr. Thomas was questioned and answered as follows:

" Q.   The claim was made that they (the coupons) ought to be included in the settlement ?   A.  We (Mr. Thomas and Mr. McEwing) claimed that they ought to be included in the settlement and he (Mr. Sibly) claimed that they were not to be included.

" Q.   What was the final settlement in regard to it ? A.   We finally settled the matter by leaving it undecided.

" Q.   How was it at the time of the agreement, the final agreement, Mr. Thomas ?   A.   At the time we made the agreement it was not settled one way or the other."   Record, p. 72.

And Mr. Sibly testified that the interest on the bond represented by the coupons was not included in the settlement, and that he did not have authority from appellee to include it, and that he so told both Thomas and McEwing when making the settlement.

It is insisted by counsel for appellant that the written memorandum of the settlement alone should have been

admitted in evidence, and the parol evidence which the court admitted to explain or vary it, was improper.

The bill of exceptions shows that appellant went into the question with its witnesses in chief as to what was included in the settlement, and offered parol testimony that the money due upon the coupons was included therein; and it was proper for the court to allow appellee, in rebuttal, to meet such parol testimony with that of the same kind. Besides, the written memorandum of the settlement, like an ordinary receipt, was open to explanation as to what transactions were in fact covered by its general terms.

We have carefully considered all the rulings of the court upon the evidence, and find they were fair and in accordance with the rules of law applicable to the questions raised and determined.

The instruction given, properly announced the law applicable to the issue tried and the evidence presented, and those refused were not such as were so applicable, and the court committed no prejudicial error in that regard.

Under the conflicting evidence upon the defense interposed, it was the province of the jury to determine what the truth was, and we are unable to say, after fully considering all the evidence, that they were not warranted in arriving at the conclusion they did, and hence we will affirm the judgment rendered upon their finding, which has been approved by the trial judge.    Affirmed.