# Garrison, Receiver, v. Salkind, Appellant.

*Evidence—Written instrument — Parol evidence rule — Accord and satisfaction.*

1. The parol evidence rule does not apply every time any written instrument is sought to be affected by testimony of some agreement or understanding not included in it.

2. The writing must be the entire contract between the parties, if parol evidence is to be excluded, and, to determine whether it is or not, the writing will be looked at, and if it appears to be a contract complete within itself couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing.

3. A writing which does not vest, pass, or extinguish any right either by contract, operation of law, or otherwise, but is used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts.

4. The rule applies to account books, bills of parcels, letters, memoranda, receipts, statements of account, statements of loss furnished to an insurer, and other writings of a noncontractual nature.

5. The rule against the admission of parol evidence to vary or contradict a written contract, does not apply where the writing as to which it is sought to introduce the evidence is collateral to the issue involved, and the action is not based upon such writing.

6. A written agreement of accord and satisfaction must, to be effective, comprehend all disputes between the parties which relate to the transaction sought to be adjusted and settled.

7. In an action for goods sold and delivered, where it appears that plaintiff had a claim against defendant for goods sold and delivered and defendant had a claim against plaintiff for extra work, and a letter of defendant is offered in evidence in which he states that he agrees to withdraw all claims and accepts in lieu thereof in full settlement of all claims for extra work a sum stated, the defendant may show by his own testimony that, prior to the writing of the letter, he and plaintiff agreed that the amount due for the goods should be cancelled, and that plaintiff would pay the amount stated in the letter, and that, as a result of the understanding, defendant wrote the letter in question.

Argued December 2, 1925.   Appeal, No. 357, Jan. T., 1925, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1923, No. 9946, on verdict for plaintiff, in case of Lindley M. Garrison, Receiver of New York Municipal Ry. Corp. to use of New York Rapid Transit Corporation v. David Salkind.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Assumpsit for goods sold and delivered.   Before Mc-CULLEN, J.

Verdict ,and judgment ,for plaintiff ffor $3,083.42. Defendant appealed.

*Error assigned* was, inter alia, ruling on evidence, referred to in the opinion of the Supreme Court, quoting bill of exception.

*B. I. DeYoung,* for appellant.—The court below erred in excluding the evidence of the negotiations and in directing a verdict for plaintiff: Noel v. Kessler, 252 Pa. 244; Greenawalt v. Kohne, 85 Pa. 369; Excelsior, etc., Assn. v. Fox, 253 Pa. 257; Weaver v. Wood, 9 Pa. 220.

*David Bortin,* with ,him *Jacob Singer* and *Emanuel Furth,* for appellee.—There is no reported case in Pennsylvania which specifically states that a written accord and satisfaction can or cannot be varied by parol evidence.   However, cases holding thus in the negative, have been decided by the highest courts of sister states: Rowland v. R. R., 124 Mo. Ap. 605; Squires v. Amherst, 145 Mass. 192; Coon v. Knap, 8 N. Y. 402; Komp v. Raymond, 167 N. Y. 573; Jackson v. Ely, 57 Oh. St. 450; Richtman v. Watson, 150 Wis. 385.

The Pennsylvania courts are not disposed to widen the rule as to the admissibility of parol testimony, but rather to narrow it and to hold persons to their contracts

as they write them: Evans v. Edelstein, 276 Pa. 516; Neville v. Kretzschmar, 271 Pa. 222; Gianni v. Russell, 281 Pa. 320.

OPINION BY MR. JUSTICE SCHAFFER, January 4, 1926:

Plaintiff brought this action to recover $2,333.42, representing the price of paints sold and delivered to defendant. The court gave binding instructions for plaintiff and defendant has appealed.

The controversy grows out of a contract in writing between defendant and plaintiff in which the former agreed to furnish the labor and materials for the painting to be done on certain iron and steel structures on various roadways of the New York Municipal Railway Corporation. The contract price was $45,350. Under the contract it was required that the defendant should purchase certain paints from plaintiff which the latter had on hand. They are the subject-matter of the suit. The defense was that, at a meeting between the parties, the claim for paints was eliminated by the compromise and settlement there effected under the following circumstances: Defendant had put in a claim with plaintiff of $15,851.70 for extra work. Plaintiff wrote to defendant, disallowing the claim and requesting a conference. Defendant averred that he went to New York on April 14, 1921, and, as a result of a conference, agreed to accept $5,500 for all claims for extra work. From this sum was deducted the amount claimed by plaintiff for paints, $2,333.42, leaving a balance of $3,166.58. It is admitted that subsequent to April 14, 1921, plaintiff, in addition to paying defendant $6,256, the remainder due on the contract price, paid defendant $3,167.67, which defendant says was an overpayment of $1.09.

Defendant, who was the only witness called, testified in substance that at the compromise and settlement which was arranged between him and representatives of plaintiff, it was understood and agreed that the amount due for the paints should be cancelled, and that, as a result of this understanding, he wrote a letter to plain-

tiff's purchasing agent, which is the bone of contention in the case, dated April 14, 1921, in which it is set forth, "I desire to say that to-day we took up with Mr. Menden [representing plaintiff] the matter of the adjustment of the claims which I made in connection with the work under your order #19445 as set forth in my letter to you of February 24th, and that I have agreed to withdraw and hereby do withdraw all claims which I made, as set forth in that letter, and I do hereby modify my claims and agree to accept in satisfaction thereof, the sum of three thousand, one hundred sixty-seven dollars and sixty-seven cents ($3,167.67) in full settlement and satisfaction of any and all claims for extra work in connection with the work under this order."

The court below, after having heard all of defendant's testimony as to the oral agreement that the charge for the paint was to be cancelled, ruled, when defendant's letter was admitted, that under the authority of Gianni v. Russell & Co., 281 Pa. 320, the testimony was incompetent as "an attempt by parol to contradict the writing without evidence of fraud, accident or mistake."

It is not our intention to depart from the principles announced in the Gianni case, but for several reasons we think the trial judge erred in applying the rule to this controversy. In the nature of the instrument involved lies the main distinction between the cited case and the one at bar. It must be kept in mind that the parol evidence rule does not apply every time any written instrument is sought to be affected by testimony of some agreement or understanding not included within it. We do not need to enumerate here the several instances in which the rule has no application but at least one very important restriction upon its application is adverted to at length in the Gianni case: "The writing must be the entire contract between the parties if parol evidence is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself 'couched in such terms

as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing.'"

When we look at the instrument to be considered, a mere letter, we must be impressed with the fact that it neither appears nor purports "to be a contract complete within itself." It is merely a declaration by defendant as to what he would accept in satisfaction of a particular claim, namely, that for extra work, and it does not pretend to embrace any other transaction between the parties. It is nothing more than evidence of the fact that defendant agreed to reduce his claims to a certain figure, and comes within the rule stated in 22 Corpus Juris, page 1142: "A writing which does not vest, pass, nor extinguish any right either by contract, operation of law, or otherwise, but is used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts. This rule applies to account books, bills of parcels, letters, memoranda, receipts, statements of account, statements of loss furnished to an insurer, and other writings of a noncontractual nature." In Thomas Pressed Brick Co. v. Fowler, 97 Ill. App. 80, it was held that a written memorandum of a settlement, like an ordinary receipt, is open to explanation as to what transactions were in fact covered by its general terms.

Professor Wigmore, in his work on Evidence (2d ed., vol. 5, sec. 2429) recognizes that the parol evidence rule does not apply to all written instruments, saying: "The mere circumstance that *some* writing has been made by parties for the better recollection of the terms of their transaction does not of itself make that writing the sole memorial of the transaction, even to the extent covered by the writing. There may have been no integration at all, in spite of the written notes: i. e. no attempt to make the writing embody the transaction or any part

of it, but merely to furnish an aid to the writer's recollection or a written admission for the other party's satisfaction." The last clause seems particularly appropriate to describe the letter which defendant signed.

Under these circumstances it is our opinion that the parol evidence rule has no application to defendant's letter, and it was, therefore, competent for him to show that when he signed it (he said it was prepared by plaintiff's attorney) he did so with the understanding that plaintiff would not make any claim against him for the paints. This determination in no way invades the rule of the Gianni case for the reason already set forth. Such a letter as defendant wrote would not necessarily embody the understanding as to the paints, and when account is taken of the fact that immediately following the signing of it, plaintiff delivered to defendant vouchers covering the reduced sum mentioned therein, without making any deduction for the price of the paints, it would well nigh convincingly appear that plaintiff no longer considered that defendant owed him anything on account thereof.

Appellee's counsel recognize the strength of the argument advanced in appellant's behalf, that it is not possible to conclude that plaintiff in settling defendant's claim for extra work would not have brought up and had allowance made for the paints, and endeavor to meet the argument with the statement, not based upon any evidence produced, that plaintiff's affairs were carried on through a large organization with many bureaus and departments, that defendant negotiated with plaintiff's chief engineer, who would know nothing of any claim plaintiff had against defendant, and they say, "This claim, it is easy to believe, was in the comptroller's office, which actually was the case," adding that this "may be one of the many weaknesses of large organizations, with numerous bureaus and departments, but does not make the fact impossible." Had these surmises been put into the domain of fact by evidence, defendant's strong con-

tention that it is inconceviable that plaintiff would have paid in full the reduced amount of appellant's counterclaim, unless plaintiff's own claim had been taken into account and allowed for, would have been met, but as the record stands it is unanswered.

There is another exception to the application of the parol evidence rule, stated as follows in 22 Corpus Juris, page 1282: "It has been held that the rule against the admission of parol evidence to vary or contradict a written contract does not apply where the writing as to which it is sought to introduce the evidence is collateral to the issue involved and the action is not based upon such writing. This rule has usually been applied in cases where the action was not between the parties to the instrument, in which case another exception would also apply; but it has also been applied where the parties to the action were the same as the parties to the writing, although there is authority to the contrary." This rule has been recognized in several of our cases: Hanauer v. National Surety Co., 279 Pa. 345; Alexander v. Righter, 240 Pa. 22; Curtin v. People's Natural Gas Co., 233 Pa. 397.

The action here is not based on the letter of April 14th, but on the original contract between the parties. The letter had to do only with a claim for extra work, whereas the matter in issue was defendant's liability to pay for the paints furnished him by plaintiff under the original contract. It is manifest that the letter was only collaterally in issue and therefore within the exception to the parol evidence rule.

Appellee seeks to uphold the ruling of the lower court not alone on the authority of Gianni v. Russell & Co., 281 Pa. 320, but also on the ground that defendant's letter amounts to an agreement of accord and satisfaction which cannot be varied or contradicted in its terms or effect by parol evidence, citing 22 Corpus Juris, page 1129, and Horn v. Miller, 142 Pa. 557. Appellee's position in this regard strikes us as being somewhat

anomalous.   In effect it is stated that the letter consti-
tutes an agreement of accord and satisfaction as regards
any and all claims of the defendant, but does not so
operate as to claims of the plaintiff against defendant
in the same matter.   It seems to us on the other hand
that plaintiff, by his claim here insisted upon, takes the
letter out of the category of agreements of accord and
satisfaction.   To be such, a writing should comprehend
all disputes between the parties which relate to the
transaction sought to be adjusted and settled.   This
admittedly from plaintiff's standpoint it does not do, as
he sets up that his claim is outside of it.   He cannot in-
sist that defendant may not assert a larger demand
than is agreed to in the letter and at the same time
demand the amount of his claim which, had there been
an actual accord and satisfaction between them, must
have been taken into account.   If the letter constitutes
an accord and satisfaction at all, it is at most only as
its language states "of any and all claims for extra
work"; nothing else was mentioned.   There is not pre-
sented here anything at all comparable with what ap-
peared in Horn v. Miller, 142 Pa. 557, where it was
determined that the terms of compromise of a suit in
which the claims of both parties were adjusted, reduced
to writing executed by both parties, acknowledged and
entered of record, could not be varied forty years after
the execution of the paper by parol evidence.

The assignments of error are sustained and the record
is remitted to the court below in order that a new trial
may be had at which all the facts on both sides of the
controversy may be shown.