Bole *v.* Alden Park Manor, Philadelphia, Appellant.

Argued October 18, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Paul Freeman* and *Johnson, Gilkyson & Freeman,* for appellant.—The evidence offered by plaintiff was not admissible: Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510; Gianni v. Russell, 281 Pa. 320; Home Co. v. Ruthrauff, 295 Pa. 237.

The plaintiff's evidence was insufficient to sustain the burden of proof: Brenard Co. v. Kroker, 91 Pa. Superior Ct. 254; Hill v. Smith, 75 Pa. Superior Ct. 340; Thompson v. Schoch, 254 Pa. 585.

*Frederick J. Shoyer,* for appellee.—Plaintiff's testimony was competent to show what the contract was: Garrison v. Salkind, 285 Pa. 265; Ward v. Zeigler, 285 Pa. 557; Simon v. Myers, 284 Pa. 3; Martz v. W. H. Wilcox Co., 57 Pa. Superior Ct. 169.

OPINION BY KELLER, J., January 29, 1930:

Plaintiff made a contract with the defendant for the lease and occupancy, under what was known as the "cooperative ownership plan," of an apartment in a new apartment house which the defendant was building in Alden Park Manor. The plan, which was somewhat complicated, contemplated the purchase by the plaintiff of a certain number of shares of stock in a corporation to be formed to take over the ownership of the building when completed and the grant to her of a perpetual lease, under said plan, of the apartment set aside for her, when the stock was fully paid for; subject to the by-laws, rules and regulations to be made by said corporation. Alleging a breach of the contract by defendant she elected to rescind and sued

to recover back the moneys paid on account, and recovered judgment.

The real question involved in this appeal is whether a written receipt for the first payment or deposit of the plaintiff on account of the consideration money, signed for the defendant by one of its salesmen, followed by a notation signed by the plaintiff that "the conditions of the abovementioned deposit have been explained to me, are satisfactory, and are accepted," constituted the entire contract between the parties, or was required to be supplemented by further provisions forming part of the contract as agreed on between the parties.

If the receipt so signed constituted the entire contract between the parties, then the prospectus of the defendant explaining the building to be erected and its method of operation, and describing the "cooperative ownership plan" to be used, and the plaintiff's evidence of the representations made to her concerning the public dining room to be run in connection with the apartment, which the prospectus called for and the survey on the receipt directed attention to, and when it would be opened for use by the tenants of the building, were improperly received in evidence: Gianni v. Russell, 281 Pa. 320. But if, on the other hand, the receipt was only what it purported to be, a receipt for the deposit or first payment made by the plaintiff, which contained certain provisions of the contract but did not constitute the entire contract which had been agreed upon between them, then the parol evidence rule so clearly stated in the Gianni-Russell case has no application and the evidence above referred to was properly admitted: Gianni v. Russell, supra, p. 323; Garrison v. Salkind, 285 Pa. 265; Ward v. Zeigler, 285 Pa. 557; Simon v. Myers, 284 Pa. 3.

When we look at the instrument to be considered, we note at the outset that it does not purport "to be a contract complete within itself." It is a receipt for

money paid, which contains certain provisions relating to the purchase or lease of an apartment "under the cooperative ownership plan," but does not purport to contain them all. At the time the paper was signed the building was not completed. The parties certainly contemplated the completion of the building, yet the receipt makes no provision for it. The "cooperative ownership plan" is not described in the receipt, but is explained in the prospectus. The rights and privileges appertaining to tenancy or occupancy in the building are not referred to in the receipt but are described in detail in the prospectus. The rough survey of the ground plan,.contained in the receipt, shows a "passage to dining room" and a lounge building, both of which the tenants had the privilege to use, not by way of grace, but as a right under their contract, according to the prospectus, but they are not mentioned in the body of the receipt. The paper provides for delivery, on payment of a certain sum, of 55 shares without nominal or par value of the capital stock of a corporation to be organized in the future, but does not fix the capital of such corporation or the number of shares to be issued; it calls for a "perpetual cooperative owners' lease" but gives none of its terms apart from the prospectus. It subjects such lease to the provisions of by-laws, rules and regulations to be adopted in the future by directors not yet elected of a corporation not yet organized. The notation signed by the plaintiff expressly states that the conditions of the deposit have been explained, evidently referring to conditions of the contract communicated orally, and not contained in the receipt.

It is clear to us that the receipt did not constitute the entire contract between the parties and did not purport to do so, and therefore evidence, both oral and as contained in the prospectus which clarified the receipt and explained the plan employed to effectuate

the contract, was admissible to establish the terms of the contract and what was included within it. It was not an attempt to vary the terms of a written contract, but to establish the terms of a contract partly written and partly oral. Hence the rule requiring the evidence of two witnesses or of one witness with corroborating circumstances the equivalent to the testimony of another witness did not apply. As to matters not covered by the receipt, evidence was admissible just as it would be with respect to any other parol contract. It was for the jury to determine from all the evidence whether the contract provided for the completion of the apartment and the establishment of a public dining room by a certain date, and whether the contract was broken by defendant. The latter offered no testimony.

There was sufficient evidence to justify the jury's finding and no good reason has been presented to us to call for a reversal.

The judgment is affirmed.

Judge CUNNINGHAM took no part in the decision of this case.