Lion Match Co. Inc. *v.* Frank & Frank, Appellants.

Argued October 5, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph I. Levy,* and with him *Charles Elkman,* for appellants.—Parol evidence is inadmissible to alter or vary the terms of a written contract except in cases of fraud, accident or mistake: Gianni v. Russell & Co. Inc., 281 Pa. 320; Martin v. Berens, 67 Pa. 459; Irvin v. Irvin, 142 Pa. 271.

*Lionel Teller Schlesinger,* for appellee, cited: Vallee Brothers Electrical Company v. North Penn Iron Co., 32 Pa. Superior Ct. 111; Hastings v. Speer, 34 Pa. Superior Ct. 478.

OPINION, BY KELLER, J., November 23, 1933:

This was an action of assumpsit tried in the municipal court before Judge BLUETT, without a jury. It was brought to recover the sum of $221.25, for book matches sold and delivered the defendants, with certain advertising matter printed thereon.

The plaintiff's claim consisted of two items: $52.50 representing an admitted balance on a shipment of a million book matches, and $168.75 for a delivery of 25 cases, made August 10, 1929, out of an order of 100 cases given on May 14, 1929,—the defendants having refused to accept the remaining 75 cases of the order.

The defendants relied upon a credit memorandum dated May 15, 1929 for 35 cases, which they claimed to set-off against the 25 cases sued for in this action, leaving 10 cases undelivered still due them.

Plaintiff's representative testified, in substance, that the credit memorandum was given in pursuance of a promise that if defendants bought 100 cases to be delivered to them direct, a credit of 35 cases would be allowed them on the order; that the credit memorandum was given defendants the day following the order of 100 cases; that it was conditional on the full order being taken, and as defendants subsequently refused 75 cases of the order, the credit memorandum became of no effect.

The trial judge decided the disputed question of fact in favor of the plaintiff.

Defendants now complain that the court should not have received parol evidence which varied or qualified the written credit memorandum.

The credit memorandum was written on a blank form used by plaintiff's agents or salesmen in taking orders, which were subject to acceptance by the company at its New York office and which contained provisions that "This order......cannot be countermanded. It is understood and agreed that the purchaser will accept an overrun or underrun not exceeding ten (10%) per cent of this order. It is further understood that all conditions are expressed in writing on this sheet, and that no verbal agreement is to be recognized. This order is contingent upon fires, strikes, delays in transportation, accidents and all other causes beyond the control of the Lion Match Company, Inc."

The memorandum was not signed by the defendants. It did not purport to be a complete or entire contract entered into between the parties, containing the terms of the agreement entered into by them. It was nothing but a credit notation—("Credit J. Frank & Son ......35 Cartons of Resales")—signed, if at all, only on behalf of the plaintiff, and ineptly entered on a blank form used for *taking orders,* which, *when accepted* by the plaintiff company, became a binding contract, not subject to conditions not expressed in the writing.

This paper does not purport to be a complete and entire contract between plaintiff and defendants, "couched in such terms as import a complete legal obligation, without any uncertainty as to the object and extent of the engagement," into which "all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the written contract," as referred to in Gianni v. Russell & Co., 281 Pa. 320, 126 Atl. 791; but only a unilateral memorandum,

of no higher quality than a receipt, which is always open to explanation by parol evidence, and to which the parol evidence rule relied on by appellant has no application: Bole v. Alden Park Manor, 98 Pa. Superior Ct. 65; Garrison v. Salkind, 285 Pa. 265, 132 Atl. 125; Ward v. Zeigler, 285 Pa. 557, 132 Atl. 798; Simon v. Myers, 284 Pa. 3, 130 Atl. 256; Gianni v. Russell, supra, p. 323.

The evidence objected to by appellant was properly received in evidence. Its weight and credibility were for the trier of fact, the judge sitting without a jury.

The assignments of error are overruled and the judgment is affirmed.