## Knirnschild v. Pittsburgh Brewing Co.

*Leroy F. Perry, Griggs, Moreland, Blair & Douglass,* for plaintiff.

*McCook Miller, Kirkpatrick, Pomeroy, Lockhart & Johnson,* for defendant.

O'BRIEN, J., July 31, 1957.—This matter is before the court en banc on motions of defendant for a new trial and for judgment non obstante veredicto.

Plaintiff, in an action of assumpsit, recovered a verdict in the amount of $5,000, with interest in the sum of $600, for services as a licensed real estate broker in the sale of some of defendant's property.

Plaintiff bases his right of action upon a provision in a written contract, which is as follows:

"The parties of the second part certify that L. C. Knirnschild is the only broker with whom they have had any dealings in connection with this sale. L. C. Knirnschild shall be entitled to a brokers' commission

of 5% in the event the deed is delivered in accordance with the terms of this agreement, to be paid by the Pittsburgh Brewing Company."

The foregoing paragraph appears in the body of an agreement between defendant, Pittsburgh Brewing Company, a corporation, and Kovalchick Salvage Company. The articles of agreement between these parties provided for the purchase, by Kovalchick Salvage Company, of defendant's Eberhardt & Ober Brewery for $100,000. There also appears in the agreement the following provisions:

"L. C. Knirnschild, broker in the above sale, does hereby certify that he has read the foregoing Agreement of Sale and that he agrees that there will be no commission due him unless the deed is delivered in accordance with the terms of this agreement.

/s/   L. C. KNIRNSCHILD"

Plaintiff signed a letter dated November 18, 1953, and delivered it to defendant's chairman of the board of directors, Mr. M. G. Hulme. The letter is as follows:

"Pursuant to the proposal of Kovalchick Salvage Company to purchase the E & O property of the Pittsburgh Brewing Company this is to advise you that I hereby authorize the amendment of the proposal in all particulars which have to do with any commissions payable upon acceptance of the proposal to the effect that. I will look entirely to the buyer for compensation and I cancel all responsibility inferred or real on the part of the Pittsburgh Brewing Co."

The agreement between defendant, Pittsburgh Brewing Company and the Kovalchicks is dated October 27, 1953. The undisputed testimony is that the parties did not affix their signatures on that date. The Kovalchicks and Mr. Knirnschild signed the agreement on November 2, 1953, and on this date a certified check in the amount of $10,000, dated October 27, 1953, was

delivered as hand money to defendant, Pittsburgh Brewing Company, together with the agreement. The letter of waiver, signed by plaintiff, Mr. Knirnschild, was delivered to defendant on November 18, 1953, and, on December 14, 1953, the agreement was signed by the president of defendant, Pittsburgh Brewing Company, and the certified check for the sum of $10,000 was deposited by defendant. The deed to the Eberhardt & Ober Brewery property was delivered by defendant to the Kovalchicks on December 31, 1953, after settlement, on that date, in the office of defendant.

The foregoing relevant matter is undisputed.

It is plaintiff's position that the letter of November 18, 1953, waiving the commission provided for in the agreement between the Kovalchicks and the Pittsburgh Brewing Company, should not have been admitted as evidence by the trial judge. Plaintiff contends that the said letter offends the law prohibiting parol evidence to vary the terms of a written agreement. Citing Garrison v. Salkind, 285 Pa. 265; Smilow v. Dickerson, 357 Pa. 455.

In Garrison v. Salkind, supra, it is stated at page 269:

"When we look at the instrument to be considered, a mere letter, we must be impressed with the fact that it neither appears nor purports 'to be a contract complete within itself'. It is merely a declaration by defendant as to what he would accept in satisfaction of a particular claim, namely, that for extra work, and it does not pretend to embrace any other transaction between the parties. It is nothing more than evidence of the fact that defendant agreed to reduce his claims to a certain figure, and comes within the rule stated in 22 Corpus Juris, page 1142: 'A writing which does not vest, pass, nor extinguish any right either by contract, operation of law, or otherwise, but is used as evidence of a fact, and not as evidence of a contract

or right, may be susceptible of explanation by extrinsic circumstances or facts. This rule applies to account books, bills of parcels, letters, memoranda, receipts, statements of account, statements of loss furnished to an insurer, and other writings of a noncontractual nature.' In Thomas Pressed Brick Co. v. Fowler, 97 Ill. App. 80, it was held that a written memorandum of a settlement, like an ordinary receipt, is open to explanation as to what transactions were in fact covered by its general terms.

"Professor Wigmore, in his work on Evidence (2d ed., vol. 5, sec. 2429), recognizes that the parol evidence rule does not apply to all written instruments, saying: 'The mere circumstances that *some* writing has been made by parties for the better recollection of the terms of their transaction does not of itself make that writing the sole memorial of the transaction, even to the extent covered by the writing. There may have been no integration at all, in spite of the written notes: i.e. no attempt to make the writing embody the transaction or any part of it, but merely to furnish an aid to the writer's recollection or a written admission for the other party's satisfaction.' The last clause seems particularly appropriate to describe the letter which defendant signed.

"Under these circumstances it is our opinion that the parol evidence rule has no application to defendant's letter, and it was, therefore, competent for him to show that when he signed it (he said it was prepared by plaintiff's attorney) he did so with the understanding that plaintiff would not make any claim against him for the paints. This determination in no way invades the rule of the Gianni case for the reason already set forth. Such a letter as defendant wrote would not necessarily embody the understanding as to the paints, and when account is taken of the fact that immediately following the signing of it, plaintiff de-

livered to defendant vouchers covering the reduced sum mentioned therein, without making any deduction for the price of the paints, it would well nigh convincingly appear that plaintiff no longer considered that defendant owed him anything on account thereof."

The trial judge permitted plaintiff to offer oral testimony (over objection by defendant) to the effect that if the contract between defendant and the Kovalchicks was not accepted by defendant within five days (it was not accepted until nearly a month later), the letter waiving the commission would be of no effect and it was to become null and void.

Plaintiff says the court erred in admitting the letter, but that the error is cured by the verdict, and that it was proper to allow oral testimony to show the limitation of the letter of waiver.

This case involves the proper application of the parol evidence rule, and its proper application is decisive of the matter before the court.

The agreement referred to, between the Kovalchicks and Pittsburgh Brewing Comany is also the agreement between the parties to this action by reason of the above mentioned provisions relating to the payment of broker's commission due plaintiff if "the deed is delivered in accordance with the terms of this agreement". Plaintiff had signed the agreement accepting the terms thereof providing for the payment, by defendant, of five percent broker's commission on the sale price if the deed was delivered in accordance with the terms of the agreement. Defendant had not signed the agreement by November 18, 1953, and plaintiff was not then entitled to a commission, and would not be entitled to a commission unless defendant signed the agreement. Defendant was anxious to receive a net amount of $100,000 for the property, and plaintiff was desirous of having the property conveyed. There was evidence that plaintiff would be

compensated as manager of the property if the deal went through. The waiver of commission was signed by plaintiff on November 18, 1953, defendant signed the agreement on December 14, 1953, and there then came into being the agreement between the parties. In the absence of the waiver, defendant would be liable to plaintiff for the commission. We must, therefore, determine the legal nature of the waiver, and determine the correction application of the parol evidence rule to it and to the agreement.

The liberal application of the parol evidence rule, as shown by the earlier cases, has gradually given way to a more strict and limited application in recent decisions: Bardwell v. The Willis Company, 375 Pa. 503; Mathers v. Roxy Auto Company, 375 Pa. 640; Jordan v. Sun Life Assurance Company of Canada, 366 Pa. 495; Grubb v. Rockey, 366 Pa. 592; Bokser v. Lewis, 383 Pa. 507.

Parol evidence, however, may be received where the subject matter of an oral agreement is not referred to in the writing, and the rule does not apply to letters, receipts and certain other writings. See footnote to Bardwell v. The Willis Company, supra, where it is said, at page 506:

"The parol evidence rule, generally speaking, does not apply to receipts, letters, statements or books of account and other writings which do not purport to be a complete contract or vest or extinguish a legal right: Wagner v. Marcus, 288 Pa. 579, 136 A. 847; Garrison v. Salkind, 285 Pa. 265, 132 A. 125; cf. Newland v. Lehigh Valley R. R. Co., 315 Pa. 193, 173 A. 822."

Parol evidence is permitted if the letter of November 18, 1953, signed by plaintiff was given to defendant, is not of a contractual nature or, as stated in Garrison v. Salkind, supra, page 269, citing with approval the rule stated in 22 C. J. 1142: "A writing which does not

vest, pass, nor extinguish any right either by contract, operation of law, or otherwise, but is used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts."

The letter of waiver, here, does extinguish a legal right which plaintiff had to be compensated for his services rendered as a broker. This would appear to bring the waiver into the classification of writing in which parol evidence may not be admitted. If plaintiff attached any condition of time, when he delivered the letter of waiver inducing defendant to sign the Kovalchick agreement, he should have included it in the writing under the rulings of the aforementioned cases. This appears to be such a situation as caused the Supreme Court to strictly enforce the parol evidence rule in order to remedy a mischief which was making writings and written agreements worthless. We must accordingly grant defendant's motion for judgment non obstante veredicto.

The parol evidence rule is one of substantive law and not merely one of evidence (O'Brien v. O'Brien, 362 Pa. 66, pp. 71-72, and the reasons in support of defendant's motion for a new trial need not, therefore, be considered. The application of the rule is determinative of the matter before the court.

### Order

And now, to wit, July 31, 1957, after argument, submission of briefs and consideration thereof, it is ordered that the motion, ex parte defendant, for judgment non obstante veredicto, be and hereby is granted, and in view thereof, it is further ordered that the motion, ex parte defendant, for a new trial, be and hereby is refused.