# Good Hope Building Association, Appellant, *v.* Amweg (No. 2).

*Corporations—Building and loan association—Mortgage—Payment—Secretary.*

An agreement to accept anything but money, in satisfaction of a judgment held by a corporation, is not within the implied authority of the secretary of the corporation.

Where the defendant in a judgment entered on a bond accompanying a building and loan association's mortgage, executes a deed of the mortgaged property to the association, at the suggestion of the latter's secretary, and the secretary receives the deed and lays it before the directors of the association who refuse to accept it, the defendant cannot claim that the conveyance was payment of the judgment.

Argued Dec. 13, 1902. Appeal, No. 223, Oct. T., 1902, by
plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1901,
No. 1537, making absolute rule to open judgment in case of
Good Hope Building Association v. Frederick J. Amweg and
Blanche E. Amweg. Before BEAVER, ORLADY, SMITH, W. W.
PORTER and W. D. PORTER, JJ. Reversed.

Rule to open judgment.

The facts appear by the report of Good Hope Building Association v. Amweg, No. 1, ante, p. 143, and by the opinion of
the Superior Court.

The court made absolute a rule to open judgment.

*Error assigned* was the order of the court.

*Rodman L. Betts,* for appellant.—The secretary had no authority to bind the association: Hagerstown Bank v. London
Savings Fund Society, 3 Grant's Case, 135; Green v. Lyco-

ming Fire Ins. Co., 91 Pa. 387 ; Gass v. Citizens' Bldg. & Loan Assn., 95 Pa. 101 ; Johnston v. Elizabeth Bldg. & Loan Assn., 104 Pa. 394 ; Moshannon Land & Lumber Co. v. Sloan, 109 Pa. 532 ; Worthington v. Schuylkill Electric Ry. Co., 10 Pa. Superior Ct. 117 ; Bangor, etc., Ry. Co. v. American Bangor Slate Co., 203 Pa. 6.

*George Albert Drovin*, with him *B. F. Fisher*, for appellees.

OPINION BY SMITH, J., January 20, 1903 :

The appeals in this case and the case preceding grow out of the same judgment, the appellees being the defendants, and the court below having, by separate orders, opened the judgment as to both.

In this case, the defendant alleges that the judgment has been paid by a conveyance to the plaintiff of the real estate of the defendants.

The plaintiff is a corporation, acting through its officers and other agents. As to the alleged conveyance, as shown by the evidence, a proposition on the subject was made to the defendants, who resided in Honolulu, by the secretary of the association, without the knowledge of its directors. In response to this, the conveyance was executed and sent to the secretary.

At a meeting of the directors, the secretary laid the matter before them. After ascertaining the incumbrances on the property, the directors decided not to accept the conveyance. The secretary afterward offered it to the attorney for the defendants, but the latter refused to take it.

All this falls far short of a satisfaction of the judgment. An agreement to accept anything but money, in satisfaction of a judgment held by a corporation, is not within the implied authority of the secretary, and in the present case he received no express authority. Had the directors ratified his act, this would have been equivalent to previous authorization. But instead of ratifying it, they repudiated it. Hence the conveyance was without effect as a satisfaction of the judgment.

No ground of defense having been established, the order making absolute the rule to open the judgment, as against Frederick J. Amweg, is reversed, and the rule is discharged.