# Wagner *v.* Marcus, Appellant.

*Evidence—Parol evidence to vary written instrument—Scope of the written contract.*

1. The test to determine whether an alleged parol agreement comes within the field embraced by the written one, is to compare the two and determine whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made.

*Contracts—Variance by insertion of another writing—Evidence.*

2. The courts will not countenance the alteration of a contract to the disadvantage of one party thereto by inserting therein the provisions of a separate writing between others to the transaction which he did not sign, upon the allegation of the other party that the first party assented to it orally.

*Receipts—Parol evidence—Receipt incorporating agreement.*

3. The parol evidence rule as to written contracts does not apply to mere receipts; but this has no application where the receipt itself contains provisions constituting a contract between the parties, although the paper is signed by only one of the parties.

4. The reason why receipts,—which by their terms are only written acknowledgments,—handed by one party to the other, of the manual custody of money or other personalty, are outside of the parol evidence rule, is because they are not intended to be exclusive memorials.

*Principal and agent—Receipts—Contracts.*

5. Where an agent signs a receipt for a check with which to purchase stock for his principal and agrees, in the receipt, to return the check if he does not purchase the stock, he cannot maintain a claim to retain the proceeds of the check without performance of his undertaking, by parol evidence that his powers extended beyond those which he had set forth over his signature to the receipt, and particularly so where the effect of what he seeks to do would be to discharge an obligation of his own which the writing did not authorize.

Argued January 24, 1927. Before Moschzisker, C. J., Frazer, Walling, Kephart and Schaffer, JJ.

Appeal, No. 34, Jan. T., 1927, by defendant, from order of C. P. Lackawanna Co., Oct. T., 1924, No. 863, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Norton Wagner v. Adolph Marcus. Affirmed.

Assumpsit on receipt and contract in writing. Before Newcomb, P. J.

Rule for judgment for want of sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.—A contract in writing may be rescinded, modified or superseded by a subsequent parol agreement and the latter may be proved by parol: Germantown Dairy Co. v. McCallum, 223 Pa. 554; Producers Coke Co. v. Hoover, 268 Pa. 104.

The judgment was erroneously entered for the reason that the pleadings show complete performance by defendant of the terms of the "receipt" on which plaintiff sues.

The so-called "receipt" on which plaintiff sues requires parol explanation and application: Chaplin v.

Griffin, 252 Pa. 271; Jones v. Sowers, 204 Pa. 329; Kress Co. v. Hogg Co., 263 Pa. 191.

*Clarence Balentine,* for appellee.—Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement: Gianni v. Russel & Co., 281 Pa. 320.

The contract made the defendant the special agent of plaintiff and required on the part of defendant the observance of absolute good faith: Wharton v. Hudson, 3 Rawle, 390.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1927:

Plaintiff delivered his check to defendant for $5,000 in pursuance of the latter's agreement in writing as follows:

"Scranton, Nov. 20/23.

"Received check of $5000.00 on County Savings Bank (No. 3958) which I agree to use to purchase all the rights, titles and interests of L. D. Smith & Harry Decker and W. L. Hill in the Spring Brook Sand Co. Should such interest be impossible to acquire, I agree to surrender said check to the drawer, N. Wagner, within 30 days.

"Adolph Marcus."

Defendant cashed the check, which was drawn to his order as attorney-in-fact and had been certified, and received the money. He has not returned it to plaintiff, neither has he delivered to him the interests which he was to acquire. This being the situation and the time agreed upon for the surrender of the check having expired, plaintiff brought this suit to recover the amount of it. Defendant filed an affidavit of defense, which the court below determined insufficient and entered judgment for the sum named in the check with interest. Defendant appeals, arguing that his affidavit shows a good defense to the claim. Our conclusion is that it does not.

It should be observed at the outset of discussion that the affidavit does not allege that appellant has purchased anything for plaintiff's account or expended a dollar of the money for his benefit. It sets up a parol agreement by plaintiff not alleged to have been omitted from the written one by either fraud, accident or mistake, the purport of which is that, in addition to buying the interests of the persons named, the plaintiff was to assume certain obligations of theirs due to endorsements of notes of the Sand Company by them and also obligations as endorser for the company which defendant himself had assumed. The aggregate of these endorsements is $10,000. In other words, defendant now sets up that his undertaking for the plaintiff was not that set forth in the writing, to buy the rights and interests of the person mentioned therein for $5,000, but to buy them for a consideration which might amount to as much as $15,000. That the primary "interests" which he was to acquire were their stock holdings in the company he tacitly admits by his affidavit. It is inconceivable that if the arrangement he entered into with plaintiff was that the latter was to assume their and his own liability on the notes, he would not have so set forth in his written undertaking. He endeavors to supplement his statement of the oral agreement and to give color to it by attaching to the affidavit as an exhibit a somewhat lengthy contract which he says was entered into between him and the persons from whom he was to purchase the stock in which the assumption of the indebtedness on the notes is agreed to by the purchaser of the stock. It is alleged in the affidavit that plaintiff verbally agreed to the terms of this contract. It is highly significant, however, not only that he did not sign it, but that nowhere therein does his name appear; the space where it should have been written is blank. To countenance the alteration of a contract to the disadvantage of one party thereto by inserting therein the provisions of a separate writing between others

to the transaction which he did not sign, upon the allegation of the other party that the first party assented to it orally, would stand ajar a door through which could crawl the most insidious sort of fraud,—the kind which is given the similitude of honesty by craft.

The written agreement into which defendant entered with plaintiff is plain, simple and unambiguous. He was to purchase the interests of the persons named if he could do so for $5,000. Plaintiff constituted him his agent for the specific purpose named without authority to go further. Failing to accomplish the object contemplated within thirty days, defendant was to return the check which had been given to him. If he was authorized, as he now alleges, to further commit plaintiff, particularly to the assumption of his, defendant's, own obligation, he should have seen to it that this appeared in the writing; he cannot add it by parol. "Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement......and unless fraud, accident or mistake be averred......its terms cannot be added to nor subtracted from by parol evidence;......if it appears to be a contract complete within itself 'couched in such terms as to import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing' ": Gianni v. Russell, 281 Pa. 320, 323. The test to determine whether the alleged parol agreement comes within the field embraced by the written one is to compare the two and determine "whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made": Ibid. Applying this test there can be no question that had the contract been as defendant now alleges it was, the additional terms would have been incorporated in the

writing. "Nothing can be imagined more pertinent to [the] provisions which were included than the one [appellant] avers": Ibid.

In reaching our conclusion we have not overlooked the rule that the interdiction of parol evidence to vary or contradict written instruments does not apply to mere receipts: 22 C. J. 1135. If the paper in question were a mere receipt it could not be given contractual inviolability but it is much more than a receipt; by its very terms it is a written agreement: "I agree to use [the check] to purchase," etc. "I agree to surrender said check to the drawer," etc. The fact that it is signed by only one of the parties to the transaction makes no difference, of course, on the score of its being a contract (6 R. C. L. 641; 13 C. J. 305); it was a unilateral contract: Williston on Contracts, volume 1, section 13; 13 C. J. 247. "When a receipt contains no general or vague expressions, but is definitely descriptive of what is intended to be affected thereby, such a receipt, like other writings in general must not be assailed with parol evidence, unless on the ground of fraud": 22 C. J. 1135. Receipts which are mere acknowledgments are in no way contractual in their nature and hence are not subject to the parol evidence rule (Ibid.; Garrison v. Salkind, 285 Pa. 265); but the paper now before us is in its very essence contractual. The reason why receipts,—which by their terms are only written acknowledgments, handed by one party to the other, of the manual custody of money or other personalty,—are outside of the parol evidence rule, is because they are not intended to be exclusive memorials: Wigmore on Evidence, 2nd ed., vol. 5, sec. 2432. The paper here exhibited shows by unmistakable language that it is an exclusive memorial and therefore in the absence of an allegation of fraud, accident or mistake, its terms must stand as those evidencing what was agreed upon by the parties and they cannot be varied by parol.

Defendant was plaintiff's agent to purchase the stock. He owed to his principal the utmost good faith: Peterman v. Enggasser, 280 Pa. 528; Bachrach v. Fleming, 269 Pa. 350; Mechem on Agency, 2nd ed., vol 1, sec. 1188. It does not lie in appellant's mouth to assert the claim to retain plaintiff's money without performance of his undertaking on the allegation that his powers extended beyond those which he had set forth over his signature; particularly is this true where the effect of what he seeks to do would be to discharge an obligation of his own which the writing did not authorize.

Judgment affirmed.