# Humphrey et ux. *v.* Brown et ux., Appellants.

*Equity—Specific performance—Agreement—Reservation in parol—Fraud, accident and mistake—Evidence.*

1. Where, on a bill for specific performance of an agreement to sell real estate, defendants set up an understanding that they should have the right to withdraw from the agreement at any time, but there is no allegation that such understanding was omitted from the agreement by fraud, accident or mistake, a decree for plaintiffs will be entered; and especially is this so where no such claim was made when defendants originally refused to carry out their agreement, and the evidence is insufficient to support their contention.

2. All preliminary negotiations and verbal agreements are merged in and superseded by the subsequently written contract.

*Equity — Specific performance — Grace of chancellor—Written agreement—Parol evidence—Fraud, accident and mistake—Omission of collateral agreement.*

3. Though parol evidence may be offered to show the real understanding of the parties to a written agreement, when the agreement is incomplete, yet it cannot ordinarily be allowed to modify the writing unless there be fraud, accident or mistake, and this must be established by clear, precise and indubitable proof.

4. Mere promises to do something at the time of the execution of a written agreement, and not statements of existing facts which are untrue, do not constitute fraud, though they are not subsequently complied with.

5. On a bill for specific performance of a written agreement to sell a residence, an averment that plaintiffs had bound themselves by a parol promise made at the execution of the written agreement also to buy a theater from defendants, and failed to do so, is not sufficient to prevent a decree for plaintiffs where the agreement contains no reference to the theater.

6. A decree for specific performance is not strictly of right, but one of grace, and will not be granted where the equities lead the chancellor to the belief that injustice will be done.

*Principal and agent — Proof of agency — Extent of agency — Evidence—Burden of proof.*

7. One who asserts an agent possesses power to act for another has the burden of proving it, and the agent may testify to acts which established his authority, where done with the knowledge or

approval of his principal, but the extent of his power is to be determined as a matter of law, where proof depends on parol, and the facts are undisputed.

*Statute of frauds—Purchase of real estate—Principal and agent —Written authority—Act of March 21, 1772, 1 Sm. L. 389.*

8. An agent cannot, without written authority, enter into an agreement to purchase real estate for his principal, as such agreement would be in violation of the statute of frauds of March 21, 1772, 1 Sm. L. 389.

Argued September 26, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 117, March T., 1927, by defendants, from decree of C. P. Jefferson Co.; Jan. T., 1927, No. 1, awarding specific performance, in case of Lee B. Humphrey et ux. v. Frank K. Brown et ux. Affirmed.

Bill for specific performance. Before DARR, P. J.

The opinion of the Supreme Court states the facts.

Decree of specific performance awarded. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*H. M. Rimer,* with him *A. A. Geary,* for appellants.— While the relation of agency may not be established by the agent's declarations, it may be established by his testimony: Hileman v. Falck, 263 Pa. 351.

The decree in this case was for enforcement of a contract, executed by appellants; relying solely upon false representations, promises and agreements, later repudiated.

Specific performance is not a matter of right but rests in the judicial discretion of the court, is always exercised subject to general equitable considerations and will not be applied to cases where the complainant does not come into court with clean hands or where acts exist on the other side which would render it unjust to

grant the relief: Welsh v. Ford, 282 Pa. 96; Rennyson v. Rozell, 106 Pa. 407; Allen v. Kirk, 219 Pa. 574; Friend v. Lamb, 152 Pa. 529; Holmes's App., 77 Pa. 50; Mundorf v. Wickersham, 63 Pa. 87.

*Raymond E. Brown,* for appellees.—Where parties without fraud or mistake have deliberately put their engagements in writing, the law declares the writing not only the best but the only evidence of their agreement: Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519; Union Storage Co. v. Speck, 194 Pa. 126; Wolverine Glass Co. v. Miller, 279 Pa. 138; Neville v. Kretzschmar, 271 Pa. 222; Wagner v. Marcus, 288 Pa. 579; Cridge's Est., 289 Pa. 331; Indemnity Ex. v. Casualty Co., 289 Pa. 426.

If the defense attempted to be set up by appellants had been properly pleaded, which is not the case, the proof thereof falls far short of the requirements of the well established rule that such proof must be clear, precise and indubitable: Honesdale Glass Co. v. Storms, 125 Pa. 268; Snyder v. Phillips, 25 Pa. Superior Ct. 648; Highlands v. R. R. Co., 209 Pa. 286; Juniata B. Assn. v. Hetzel, 103 Pa. 507; Keller v. R. R., 10 Pa. Superior Ct. 240; Spotts v. Spotts, 4 Pa. Superior Ct. 488.

OPINION BY MR. JUSTICE SADLER, November 28, 1927:

Plaintiffs, Humphrey and wife, entered into a written agreement, dated June 17, 1926, with the defendants, Mr. and Mrs. Brown, to purchase a house and lot of ground, in the Borough of Brookville, for the sum of $47,500. Of this amount $34,000 was to be paid in cash, on or before delivery of the deed on October 15th following, the balance to be liquidated by the conveyance of a designated property by the former to the latter at a valuation fixed at $13,500. When the contract was signed, $2,500 was paid to Brown as hand money, and a like additional sum was turned over to him on June 30th. On October 15th, the date named for settlement,

the purchaser called upon the seller for the purpose of closing the transaction, but was advised by the latter that he was not prepared to convey the property on that day. Humphrey offered to come back on the day following, but this was inconvenient for Brown, whereupon the former stated that he would return on the completion of a short contemplated business trip which he was about to undertake, and no complaint of delay on this account was made.

On October 26th Humphrey again went to the office of defendant, at which time he was notified that the transaction would not be carried out, because the plaintiff was "too late." An offer was made by Brown on October 30th to return the $5,000 paid on account, but the delivery of a deed, as agreed upon, was refused. On November 5th, plaintiff interviewed defendant again, tendered to him the balance of the purchase-money, and presented an executed conveyance for the property which he had agreed to transfer as part of the consideration. The defendant refused to accept, or carry out the terms of the contract, and this bill to compel specific performance of the contract followed.

The facts narrated were found by the court below after hearing, and are binding upon us, where supported by evidence. An examination of the record shows the conclusions reached to be justified. Defendants cannot complain of the delay of plaintiffs in making the tender of the balance of the purchase price and the deed for the property which was to be conveyed as part of the consideration, since the Humphreys were ready to take title at the time and on the terms agreed on: Loughney v. Quigley, 279 Pa. 396; Werdebach's Est., 280 Pa. 26. Indeed, they did not so insist in the court below, nor do they urge here, that specific performance must be refused on this ground, though this was the only reason assigned for repudiating the promise, to the time of filing the answer in this proceeding.

The defense now asserted rests on different averments. It is first alleged that the understanding, not suggested before, was that the Browns should have the right to withdraw from the agreement at any time, if they should so desire, and thereby relieve themselves of any duty to convey. No such reservation appears in the written contract, which is express in its terms and without ambiguity. "All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract,......and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence": Gianni v. Russell, 281 Pa. 320, 323. There was no allegation of the omission of this asserted understanding by reason of fraud, accident or mistake, nor, as found by the court, any evidence to support such a contention, and no such claim was made when defendant refused the demand to carry out his agreement. The defense set up is unsupported in fact and without merit in law under the evidence adduced at the trial.

A second excuse for nonperformance was based on allegations that the original proposition made by Brown, through Clark, a real estate broker, was to sell two properties, the residence now in question, and a theater building, for a lump sum of $180,000, it being averred the understanding was that one should not be disposed of without the other, and Humphrey had agreed to buy both. From the evidence it appears that the agent, originally employed by Brown, came to Brookville for the purpose of securing a purchaser for the two pieces of real estate. Later, he communicated with Humphrey, and finally secured his assent to purchase the residence. He also made efforts to interest the latter in the theater, and preliminary negotiations for the acquirement of it by plaintiff followed. A contract to sell the same, dated June 10, 1926, was executed by the Browns, but Humphrey refused to sign the agree-

ment, and notified the owner that he had determined not to buy. He did suggest giving financial aid to a third party, who was contemplating the purchase. It was not until June 17th or 24th, one or two weeks after the refusal to buy the theater, that the written agreement as to the residence, in which no reference to the other property appears, was entered into, and the hand money paid. When this transaction was concluded, Humphrey paid the agent Clark three per cent commission on the value of the property which he was to give in exchange, and Brown paid to Clark the fees due for the sale of his residence, now in dispute.

The contention is made that the contract for the sale of the house was executed and delivered only on condition that Humphrey would later bind himself to buy the theater, and any attempt to make use of the former writing, until he had done so, was fraudulent. The defendants insist that it was only by reason of the representation by Clark, the agent, that such deal would be later consummated, that the articles dated June 17th, the basis of this proceeding, were signed, and that under such circumstances specific performance cannot be granted. Though parol evidence may be offered to show the real understanding when admittedly the written agreement is incomplete (Ward v. Zeigler, 285 Pa. 557), yet it cannot ordinarily be allowed to modify the writing unless there be fraud, accident or mistake, and this must be established by clear, precise and indubitable proof: Martin v. Berens, 67 Pa. 459. Mere promises to do something made at the time of the execution, and not statements of existing facts which are untrue, do not constitute fraud, though they are not subsequently complied with: Grove v. Hodges, 55 Pa. 504; Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519; Lowry Nat. Bank v. Hazard, 223 Pa. 520; Homewood Peoples Bank v. Simon, 279 Pa. 118. In the present case, the promise to subsequently buy the theater, even if it had been

proven, was insufficient to establish fraud and vitiáte the agreement sued on.

It is claimed the contemporaneous promise in the present case was made by Clark as agent for Humphrey. Certainly he could not have agreed to buy on behalf of his principal, if such relation existed, for no authority to so bind had been given in writing, or ratified in that manner, and an attempt on his part to enter into an agreement to purchase, had it been made, would have no effect because of the operation of the statute of frauds: Act March 21, 1772, section 1, 1 Sm. L. 389; Mott v. Kaldes, 288 Pa. 264; Goldstein v. Nichols, 273 Pa. 107. But it is insisted that Clark, acting as agent for plaintiff, could make a representation as to his principal's purpose, thus obtaining the delivery of the agreement of June 17th, and thereby bind him not to make use of the same until the condition assented to had been complied with. Clark cannot be said to have been the agent of Humphrey to arrange for the purchase of the theater property, which he, as broker, was endeavoring to sell for Brown. He who asserts an agent possesses power to act for another has the burden of proving it (Fidelity T. & T. Co. v. First Nat. Bank, 277 Pa. 401). Though the agent may testify to acts which establish his authority (Hileman v. Falck, 263 Pa. 351; Lawall v. Groman, 180 Pa. 532), where done with the knowledge or approval of the principal, yet the extent of his power is to be determined as a matter of law where proof of it depends, as here, on parol, and the facts are undisputed: Williams v. Cook, 289 Pa. 207.

The court below has found that Clark was not the agent of Humphrey at the time of the execution of the contract of June 17th, and any communications or promises as to a future purchase of the theater property were unauthorized, if made, and without knowledge on part of plaintiffs. An examination of the record further leads to the conclusion that defendants were not deceived, as suggested. Prior to June 10th, according

to Brown's testimony, plaintiff had given notice that he would not buy the theater, and had refused to execute a written agreement of sale prepared on that date. The testimony of Clark, the broker, as to the statements made when the agreement of June 17th was executed, does not show any representation made, as now insisted, that Humphrey would buy the second property, but, at the most, that he would financially aid a third person, if the latter should purchase. The defense suggested was without merit, and properly rejected.

All the assignments of error have been examined, though not specifically referred to, and are overruled. A decree for specific performance is not strictly of right, but one of grace, and will not be granted where the equities lead the chancellor to the belief that injustice will be done (Welsh v. Ford, 282 Pa. 96), but the present case is not of that character, and the plaintiffs are clearly entitled to the relief awarded.

The decree is affirmed at the cost of appellants.