### ROSENBLOOM v. W. E. LAMNECK CO.

Circuit Court of Appeals, Third Circuit. February 11, 1928.

No. 3699.

Evidence ⟨⇒420(3)—Parol evidence held not admissible to attach condition to absolute written guaranty.

Where defendant gave an unconditional written guaranty of payment for certain merchandise by the purchaser, and indorsed notes given for the same, parol evidence was not admissible to attach a condition to such guaranty and indorsements, especially where it was not shown that failure of the condition was prejudicial to defendant.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action at law by the W. E. Lamneck Company against Israel Rosenbloom. Judgment for plaintiff, and defendant brings error. Affirmed.

Septer W. Douglas, of Pittsburgh, Pa., for plaintiff in error.

W. R. Murphy and McIlvain, Murphy & Mohn, all of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The proofs in this case tended to show that on January 5, 1925, one Norman Newman by verbal order bought from the W. E. Lamneck Company 100 laundry dryers at $135 each, less a certain discount. On the same day Israel Rosenbloom himself wrote and delivered to the W. E. Lamneck Company the following guaranty:

"The W. E. Lamneck Co., Columbus, Ohio—Gentlemen: I hereby guarantee payment of the order placed this day by Norman Newman, for one hundred Lamneck dryers, and further agree to indorse any acceptance or notes given in settlement.

"Yours truly,    Israel Rosenbloom.

"Reference: State Bank of Braddock, Braddock, Pa."

Subsequently, on the same day, the Lamneck Company and Newman embodied this order in a written contract, which made Newman, doing business as the Household Appliance Company, agent for the sale of Lamneck dryers. The 100 dryers so ordered were, about January 30th, delivered to Newman, who in payment therefor gave two trade acceptances, of $3,572.10 each, dated February 10, 1925, one at 60 and one at 90 days. On Newman's failing to pay the earlier note at its maturity, April 11, he gave a renewal note, dated April 15, for the unpaid principal and interest. This note he reduced by a payment, and on June 9, 1925, gave a renewal note for the unpaid principal and interest, viz. $3,138.89. On July 9, 1925, the due date of this note, Newman defaulted on demand, and has not since paid the same.

The second original note fell due on May 10, 1925, was renewed by a note of that date, and on its due date, September 8, Newman defaulted on demand, and has not since paid the same. All of these notes and renewals were indorsed by Rosenbloom. Thereafter demand for payment of the notes in pursuance to his guaranty and indorsements was made upon Rosenbloom, and on his failure to pay this suit was brought by the W. E. Lamneck Company, a corporate citizen of Ohio, against Rosenbloom, a citizen of Pennsylvania. The case was tried, and resulted in a verdict for the plaintiff. Thereupon this writ of error was taken, and the question involved is whether certain tendered parol testimony was admissible to vary the terms of Rosenbloom's written guaranty and indorsements of the original and renewal notes.

The written contract, to which reference was made above, provided that for a certain time the Lamneck Company would, at its own expense, keep a salesman in the district, and that on all orders taken by him Newman would be credited with the differ-

ence between the price received for such orders and the price at which dryers were sold to Newman by the contract, and it was alleged that "this provision was broken, and plaintiff did not as a matter of fact keep a salesman in the territory for any length of time." The offer made no tender of proof that Newman had made request for such salesman, nor to show that either Newman or Rosenbloom suffered any loss or damage by reason of a salesman not having been furnished. Was such testimony competent to affect the guaranty, or Rosenbloom's indorsement of the notes and renewals? It will be here noted we are dealing with a delivered guaranty unequivocal in provisions, absolute in terms, and self-explanatory and self-sustaining. Its subject-matter was two written instruments and written renewals, likewise unequivocal, absolute, and self-sustaining.

There is no contention that anything was omitted from these written instruments by reason of fraud, accident, or mistake, and, as well said (22 Corpus Juris, § 1664, C): "The only criterion of the completeness of a writing as a full expression of the agreement of the parties is the writing itself. If it imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is conclusively presumed that the parties have introduced into it every material term, and parol evidence cannot be admitted to add another term, although the writing is silent as to the particular one to which the parol evidence is directed."

Here the effort is to show a contemporaneous parol agreement or understanding that this absolute guaranty and these two guaranteed and indorsed notes were not the absolute, unconditioned contracts they are, but that such absoluteness was conditioned on the Lamneck Company furnishing a salesman for a certain period at its expense, as provided in the contract of agency between Newman and the Lamneck Company. If Rosenbloom and the Lamneck Company had in view that the guaranty was to be so conditioned by the terms of Newman's contract, they could have embodied it in the notes and guaranty, and the fact that they did not do so the law accepts as evidence they did not so intend. We are therefore of opinion that, both on the foregoing ground and as well as on the fact that there was no tendered proof that the nonpresence of such agent in any way affected Rosenbloom, the court below in its ruling committed no error.

Its judgment will therefore be affirmed.