Emmanuel et al. *v.* Hughes, Appellant.

Argued January 14, 1929. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Edward J. Mingey,* for appellant.—The misrepresentations averred in the affidavit of defense were statements of existing facts, constituting a palpable fraud on defendants: Elevator Co. v. Wilson, 218 Pa. 280; Miller v. Trust Co., 285 Pa. 472.

Plaintiffs' breach of the contemporaneous parol promise on which defendant relied was available as a defense without proof that it had been omitted from the written contract by fraud, accident or mistake: Noel v. Kessler, 252 Pa. 244; Cridge's Est., 289 Pa. 331; Wagner v. Marcus, 288 Pa. 579; Simon v. Myers, 284 Pa. 3.

*George V. Strong,* of *Smith & Strong,* for appellee.— A breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud as that word is employed in the phrase "fraud, accident or mistake": Hooversville First Nat. Bank v. Sagerson, 283 Pa. 406; Humphrey v. Brown, 291 Pa. 53.

Even if any of the averments be construed as relating to matters of fact then they are insufficient: Class v. Kingsley, 142 Pa. 636; Wright v. Carbonic Co., 271

494

Pa. 332; Moore v. Luzerne Co., 262 Pa. 216; O'Malley v. O'Malley, 272 Pa. 528; Kline Chair Co. v. Guaglianome, 65 Pa. Superior Ct. 319; Wayne T. & P. Co. v. Products Co., 83 Pa. Superior Ct. 158.

If a contract is couched in such terms as to import a complete legal obligation without uncertainty as to the object or extent of the engagement it is presumed that the entire undertaking of the parties is contained therein and parol evidence is inadmissible to vary its terms: Gianni v. R. Russell & Co., Inc., 281 Pa. 320; Garrison v. Salkind, 285 Pa. 265; Wagner v. Marcus, 288 Pa. 579; Crick v. Paull, 287 Pa. 431; Popper v. Rosen, 292 Pa. 122; Reber v. Lipschutz, 92 Pa. Superior Ct. 292.

OPINION BY MR. JUSTICE SCHAFFER, February 11, 1929:

Plaintiffs seek recovery from defendant of the balance due on two promissory notes dated September 30, 1925, for $2,000 each, one maturing September 30, 1926, and the other September 30, 1927. On the one maturing September 30, 1926, defendant on April 23, 1927, made a payment of $500 on account of principal. Defendant has also paid $320 on account of interest due on the two notes. In the court below judgment was entered for want of a sufficient affidavit of defense and defendant appeals.

The defense set up was that the notes were given as part payment for a lot in Venetian Court Subdivision of the City of Tarpon Springs, Florida, owned by plaintiffs, the total purchase price of which was $6,000, $2,000 of which had been paid in cash. The agreement for the purchase of the property was in writing. It was alleged in the affidavit of defense that prior to and at the time of the making of the agreement of sale and prior to the execution and delivery of the notes and as an inducement to defendant to execute them and the agreement, duly authorized agents of plaintiffs, naming them, orally promised and agreed with him within a

reasonable time thereafter to erect upon the Venetian Court Subdivision not less than two single dwellings, to cost at least $10,000 each; to cause the subdivision to be ornamented and beautified with palms and shrubbery to be properly and adequately disposed and maintained thereon; to establish or cause to be established within the town site, a hotel, restaurant, cafeteria, theater, bank and automobile service station and Cadillac agency. The affidavit further set forth that plaintiffs' agents represented to defendant that plans had been completed and all requisite arrangements had been effected for development of the town site of Tarpon Springs in the several respects above mentioned and that on the faith of these inducements and representations and relying thereon and believing them to be true, defendant paid the part cash consideration of $2,000 and executed and delivered the promissory notes and the agreement of sale, a copy of which was annexed to the affidavit, and subsequently, on plaintiffs' further assurance that the actual development of the property would be promptly begun by the erection of the dwelling houses thereon, he paid plaintiffs the further sum of $820 on account of the balance of the purchase money and interest represented by the notes. Defendant averred that although more than a reasonable time had elapsed within which to permit of the performance of the promises of the plaintiffs' agents, the plaintiffs have failed to keep any of their promises or to perform any of their undertakings. It was further alleged that the representations of plaintiffs' agents, so defendant says he is informed and believes, were false and fraudulent and intended and designed solely to induce the defendant to enter into the agreement of purchase. It was also set forth that no deed had been tendered and that the consideration for the notes had failed. A counterclaim was set up for $2,820.

When we turn to the agreement, we see that it is an ordinary agreement of sale and provides that when

defendant shall make the payments and perform the covenants by him to be performed, plaintiffs will convey to him in fee clear of encumbrances the lot agreed to be sold.

The court below was of opinion, as we are, that the defense interposed to payment of the notes is unavailing. There is no averment in defendant's affidavit that the oral understanding now relied upon was omitted from the written contract by fraud, accident or mistake; without such a sworn averment the oral understanding has no effect against what has been incorporated in the written contract: Popper v. Rosen, 292 Pa. 122; Kuhn v. Com., 291 Pa. 497, 501; Crick v. Paull, 287 Pa. 431, 436; Gianni v. Russell, 281 Pa. 320, 323.

We said in Wagner v. Marcus, 288 Pa. 579, and Gianni v. Russell, that "The test to determine whether the alleged parol agreement comes within the field embraced by the written one, is to compare the two and determine whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made." Defendant now sets up the matters embraced in the alleged oral agreement as being of such great importance as to abrogate and set aside the written one; this being so, it is inconceivable that they would not have been included in the writing had they been a part of the bargain. Furthermore, defendant ratified the contract and affirmed the validity of the notes more than a year and a half after he executed them by paying interest thereon and $500 on account of the principal of the first note after it became due. This goes to demonstrate that the alleged oral agreement was not a part of the original contract between the parties and is an afterthought.

In connection with the averment of fraud in the affidavit of defense, it is not stated that defendant himself knows of any fraud or that he expects to be able to prove any; what is averred is that although more than a reasonable time has elapsed for the performance

by plaintiffs of the alleged oral undertakings, they have failed to perform them "and defendant is informed and believes [without stating by whom or any particulars] and therefore avers that the aforesaid representations of plaintiffs' said agents with respect to the development of said townsite......were wholly false and fraudulent." Such a loose allegation cannot be effective to overcome a binding obligation like a promissory note. If it could, such contracts, favorites of the law, would be mere pretences.

Finally the matters set forth in the affidavit as promised to be performed were futurities. In Humphrey v. Brown, 291 Pa. 53, 58, we said, speaking through Mr. Justice SADLER: "Mere promises to do something made at the time of the execution......do not constitute fraud, though they are not subsequently complied with"; and in Fidelity Title & Trust Co. v. Garland, 291 Pa. 297, 303, "a breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud of the kind that will admit of parol testimony to vary the terms of a written contract."

The learned judge of the court below properly disposed of the case by holding the affidavit of defense insufficient.

The judgment is affirmed.