# H. F. WATSON CO. v. ATLANTIC REFINING CO.

## No. 4364.

Circuit Court of Appeals, Third Circuit.
July 21, 1930.

O. J. Graham, of Erie, Pa., Ward & Gray, of Wilmington, Del., and Gunnison, Fish, Gifford & Chapin, of Erie Pa., for appellant.

Ira J. Williams, of Philadelphia, Pa. and Robert H. Richards, of Wilmington, Del. (Ira Jewell Williams, Jr., of Philadelphia, Pa., and Aaron Finger, of Wilmington, Del., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below, the Atlantic Refining Company, a corporate citizen of Pennsylvania, hereafter called plaintiff, brought suit and recovered a judgment against H. F. Watson Company, a citizen of Delaware, hereafter called defendant. Thereupon the latter took this appeal.

The case concerns a contract in writing dated January 3, 1928, whereby, so far as here pertinent, plaintiff agreed to sell and defendant to buy 6,000,000 gallons asphalt saturant at 5.42 cents per gallon in tank cars f. o. b. Philadelphia, between January 3, 1928, and December 31, 1928. From date of the contract to October, 1928, the defendant ordered, received, and paid for 2,598,978 gallons at the contract price. As to the undelivered balance, defendant filed a special plea alleging there was an oral agreement that, if the market price of asphalt saturant should decline below 5.42 cents per gallon, plaintiff would reduce the contract price acordingly, and that the price did decline to 5 cents, but plaintiff refused to reduce in accord with the oral agreement. To such plea plaintiff demurred, and the court sustained its demurrer and entered judgment for plaintiff, saying: "The soundness of the ninth plea, challenged by the demurrer, is to be determined by the law of the State of Pennsylvania.

Whatever that law may formerly have been the recent decisions in that State convince me that the alleged oral agreement set up in the plea cannot be given effect. For that reason the demurrer is sustained." Whereupon defendant appealed.

We find no error in the court so holding. It will be noted that no question of fraud, accident, or mistake is here involved. The case then is one where, if such oral agreement was made, defendant joined in signing a written contract, and did not have such an important provision written into it. Under such circumstances, the law presumes all the parties meant to contract as they specified in their written agreement, and such written contract it will enforce. The contract is self-explanatory. It defines the thing to be delivered. It states the times and place of delivery and specifies the price. The plea tendered in this case was that the price fixed by the contract was not the price the parties meant was to be paid. The holding of the court below was justified from the standpoint of federal authority, Rosenbloom v. W. E. Lamneck Co. (C. C. A.) 24 F.(2d) 340, as well as Pennsylvania state, Gianni v. R. Russell & Co., 281 Pa. 320, 126 A. 791; Wagner v. Marcus, 288 Pa. 579, 136 A. 847.

So regarding, the judgment below is affirmed.