Hein *v.* Fetzer, Appellant.

404

Argued October 1, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John E. Winner,* for appellant.—The note on which judgment was entered was obtained on the express agreement that it was given as security for the amount of the accounts which appellant might collect.

A judgment will be opened where there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the note was given, and without which it would not have been given: O'Connor v. Flick, 271 Pa. 249; Cloud v. Markle, 186 Pa. 614; State Camp of Penna., etc., v. Kelly, 267 Pa. 49, 53; Schweyer v. Walbert, 190 Pa. 334; Weixel v. Lennox, 179 Pa. 459; Keeler v. DeWitt, 24 Pa. Superior Ct. 463; Heist v. Tobias, 182 Pa. 442.

Parol evidence is admissible to show that appellee's promise that the note was security for the amount to be collected was the cause which induced the giving of the note and that without this promise the note would not

have been given: Fidelity & Casualty Co. v. Harder, 212 Pa. 96.

*S. J. Corbett,* with him *W. T. Corbett* and *John W. Cost,* for appellee.—The parol testimony offered by appellant was not admissible to alter the judgment note on which this case is founded: State ·Camp, etc., v. Kelly, 267 Pa. 49; Carr v. Ætna A. & L. Co., 263 Pa. 87, 93; Fisher v. King, 153 Pa. 3; Pfaff v. Thomas, 3 Pa. Superior Ct. 419.

Appellant was not induced to sign the judgment note in reliance on a contemporaneous oral agreement: Hooversville Bank v. Sagerson, 283 Pa. 406, 411; Fidelity Title & Trust Co. v. Garland, 291 Pa. 297; Emmanuel v. Hughes, 295 Pa. 492.

Testimony offered by appellant, to show that the execution of the judgment note was induced by a contemporaneous parol agreement, is incompetent to vary the terms of the written instrument, in the absence of an allegation that the oral agreement was omitted from the written instrument, by fraud, accident or mistake: Ziegler v. McFarland, 147 Pa. 607; Clarke v. Allen, 132 Pa. 40; Hooversville Bank v. Sagerson, 283 Pa. 406; Fidelity T. & T. Co. v. Garland, 291 Pa. 297; Gianni v. Russell & Co., 281 Pa. 320; Wagner v. Marcus, 288 Pa. 579, 583; Evans v. Edelstein, 276 Pa. 516, 519; Neville v. Kretzschmar, 271 Pa. 222, 224; United States Nat. Bank v. Evans, 296 Pa. 541.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 24, 1930:

On March 13, 1929, plaintiff, by virtue of a warrant which empowered any attorney to appear at "any term" of court and enter judgment, caused judgment to be entered against defendant on a promissory note dated July 23, 1927, and payable at the expiration of two years, the warrant accompanying the note in question. On July 30, 1929, defendant petitioned the court below to

open the judgment; whereupon that tribunal allowed a rule to show cause, at the same time ordering that execution, already issued, be stayed in excess of $1,768.73, pending the disposition of the rule, that sum being the amount which defendant admitted to be due plaintiff. On May 30, 1930, the rule was made absolute "as to the amount of $525.28," there being a possible failure of consideration to that extent, presenting an issue which the court conceived defendant was entitled to have decided by a jury. The order of the court below directed further that, "As to the balance of the amount of the judgment, the rule to show cause is discharged,...... and plaintiff is permitted to proceed for the collection of [this] balance,......less a credit to the defendant of ......$1,907.56," with interest from July 1, 1929, the last mentioned sum representing the total price of merchandise admittedly purchased by plaintiff from defendant, after the date of the note in suit. The defendant has appealed from this order.

Defendant filed a petition in support of his rule to open judgment, wherein it was averred that in 1927 he had purchased a hardware business from plaintiff and that, subsequently, *"he agreed to purchase"* [the italics are ours] from plaintiff the latter's "book accounts" (bills receivable), but that he was to pay for them "only such amount as he could collect on said accounts"; that the note for $8,000 was not intended as an absolute obligation in that amount but was to stand only "as security" to plaintiff for the amount which defendant might collect, and that "he was able to collect $3,676.29." Defendant averred that plaintiff agreed at the time the note in suit was executed that it would not be entered of record "during said period of two years"; or, in other words, that no judgment was to be entered by virtue of the warrant of attorney attached to the instrument until the note became due and payable. Defendant admitted in the petition that the book accounts covered by the note "totaled about $9,000." Finally, defendant averred

that he signed the note "pursuant to" the two above recited "verbal promises" by plaintiff, without which he would not have done so, and that the entry of judgment was "a violation of the promises made by the plaintiff whereby the defendant was induced to sign said note."

When the matter came to hearing, on petition and answer, defendant, by himself and several witnesses, departed from the case as averred in his petition to open, in these particulars: First, he said he had at no time purchased plaintiff's bills receivable and that there was no agreement to that effect between him and plaintiff; that they had entered into an arrangement for their mutual advantage, whereby he, defendant, undertook to collect the bills due to plaintiff, the latter agreeing to allow him the use of all money he might collect for two years, and that the note for $8,000 was intended simply as security to plaintiff in case he, the defendant, should die before paying over the money collected by him,— that it was given as "collateral" to such obligation from defendant to plaintiff as might arise in the future by reason of bills actually collected by the former, and that in no event was it to be enforced beyond that amount. Next, instead of adhering to the averment, contained in the petition, that plaintiff had agreed that the note should not be entered of record "during [a] *period of two years*" from its date, defendant and his witnesses testified that the understanding and agreement between him and plaintiff was that the note should never be entered of record.

Plaintiff, in his answer to defendant's rule to open judgment, and also in his testimony, stated that the $8,000 note represented the purchase money for some $10,000 face value of bills receivable, which he had sold to defendant and the latter had purchased from him; that the transaction was an outright sale and he had never contracted not to enter judgment on the note. Plaintiff said that defendant had requested him not to enter the note and that, replying to this request, he had

408

told defendant he "had no intention of recording the note unless it was absolutely necessary," but that, about three months before the due date of the obligation, he concluded that his interests made it necessary to enter judgment thereon; though no execution appears to have been issued until sometime after such date.

Without specifically going into the merits of the case, the court below held as a matter of law that the testimony relied on by defendant was "incompetent" to sustain his contentions; and we agree, so far as the testimony in question sought to establish that no judgment was to be entered by virtue of the warrant of attorney signed by defendant,—authorizing judgment to be entered at any time,—the proofs were legally incompetent, for to establish such a fact by oral evidence would be to nullify a written instrument and to render it meaningless, without the allegation of fraud, accident or mistake in its execution. This, our late cases hold, cannot be done: see Gianni v. Russell, 281 Pa. 320, 323, 325; Wagner v. Marcus, 288 Pa. 579, 584; Citizens' Nat. Bank of Waynesburg v. Wisecarver, 300 Pa. 60, 63. We have recently held more than once that a mere breach of good faith, or a broken promise to do or refrain from doing something in the future,—as, for instance, a promise not to enter judgment under a warrant of attorney authorizing such entry,—is not accounted "fraud of the kind that will admit parol testimony to vary the terms of a written contract" to the extent here attempted: see Fidelity T. & T. Co. v. Garland, 291 Pa. 297, 302-3, and cases there cited; also Emmanuel v. Hughes, 295 Pa. 492, 497; U. S. Nat. Bank v. Evans, 296 Pa. 541, 550-51.

The hearing judge not only found that the proofs depended on by defendant were "incompetent," which means that the law forbade their consideration, but also that they were "insufficient," which, on this record, we are warranted in taking to mean, insufficient in point of fact to overcome the plain obligation to pay set forth in the written instrument sued on. The word "insuffi-

cient," as used by the court below, bears the meaning just stated, for, in place of leaving the question of execution open for future consideration, or of doing what we may assume the court would have done if convinced of the likelihood of defendant having a case on the merits, —that is, instead of following the course pursued in Fidelity & Casualty Co. v. Harder, 212 Pa. 96, 99, of staying execution until disputed questions of fact were submitted to a jury,—the court below released a stay previously granted and expressly directed that plaintiff was "permitted to proceed with the collection of the balance" of the note. In view of this order, we take it that, when examining the question whether the $8,000 note in suit represented the purchase price of bills receivable sold by plaintiff to defendant or was given merely to secure to the former payment of such of those bills as might be collected by the latter, the hearing judge, despite the greater number of witnesses produced by defendant, found his proof weak when compared with that of plaintiff; in short, that the court found defendant's proof insufficient either to show that he had not in fact given the note in suit for the purchase price of plaintiff's bills or to convince it that defendant was entitled to have an issue in that regard submitted to a jury.

Considering our recent rulings on the principal point of law here involved, the improbabilities of defendant's story as told on the stand, the departures in his testimony and in that of his witnesses from the position averred in the petition to open, and also taking into account all the evidence in the printed record, we see no error in the disposition of this case made by the court below.

The order appealed from is affirmed at cost of appellant.