Hoesch *v.* Freedman, Appellant.

504

Argued April 26, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*William B. Paul,* for appellant.

*Paul Ruffennach* of *Ruffennach and Ruffennach,* for appellee.

Opinion by Keller, J., July 14, 1933:

The plaintiff made a written contract with the defendant to lower the floors of three garages, belonging to her, a distance of fourteen inches, underpin four front pilasters, trim off the footing inside to the walls, put down new concrete floors and driveway, lower the door, put a plank panel above, and paint

all new wood, for the sum of $495. These changes were made necessary by a change of grade of the alley on which the garages fronted. He did the work but was not paid for it and brought this action in the county court.

The defendant, in her answer, set up, inter alia, by way of defense, that in the negotiations leading up to the contract the plaintiff had "promised" her that the garages, which were built into a hillside, would be dry after the work was done; and that, on the contrary, after the work was completed they were wet and untenantable. There was no averment in the answer that the oral promise or assurance that the garages would be dry was intended to be included in the contract and was omitted therefrom by fraud, accident or mistake.

On the trial the court refused to admit evidence of such oral promise or assurance in the negotiations leading up to the making of the contract, and restricted the defense to evidence that the work had not been done in a good and workmanlike manner. The verdict was in favor of the plaintiff.

We think that the action complained of was in accord with the decision of the Supreme Court in Gianni v. Russell, 281 Pa. 320, 126 Atl. 791, and the numerous cases in the Supreme Court and this court which follow it.

If, as the defendant now asserts, the promise or assurance of the plaintiff that the garages would be dry was so important that without it she would not have entered into the contract, then it came within the field of the written contract and was so interrelated with it that the latter would naturally and normally include the oral promise within its terms, if it had formed part of the contract agreed upon between the parties. On this point the Supreme Court said in the Gianni case: "When does the oral agree-

ment come within the field embraced by the written one? This can be answered by comparing the two, and determining whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made. If they relate to the same subject-matter and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. This question must be determined by the court." To the same effect, see Russell v. Sickles, 306 Pa. 586, 591, 160 Atl. 610; Sterling Engineering & Manufacturing Corp. v. Jennings, 101 Pa. Superior Ct. 291; Wagner v. Marcus, 288 Pa. 579, 583, 136 Atl. 847; Humphrey v. Brown, 291 Pa. 53, 57, 58, 139 Atl. 606; Emmanuel v. Hughes, 295 Pa. 492, 496, 145 Atl. 586.

The assignments of error are overruled and the judgment is affirmed.